## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JVANTE MIKEL KNIGHT,                    *

Petitioner                              *

v.                                      *            Civil Action No. JKB-20-3108

BELL, *Warden,*                         *

Respondent                              *
                                     ***

## MEMORANDUM OPINION

On October 26, 2020, Petitioner Jvante Mikel Knight, an inmate at the Federal Correctional

Institution in Cumberland, Maryland ("FCI Cumberland"), filed a Petition for Writ of Habeas

Corpus (the "Petition") pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons

("BOP")'s denial of earned time credits pursuant to the First Step Act of 2018, P.L. 115-391, §

102(b)(1), 132 Stat 5194, 5210 (Dec. 21, 2018), *as amended in* 18 U.S.C. § 3621. (Pet., ECF No.

1.) As relief, Petitioner asks for the earned time credits. (*Id.* at 7.)

On December 7, 2020, Respondent filed a Motion to Dismiss the Petition, or in the

alternative, for Summary Judgment. (Mot. Dismiss, ECF No. 4.)  Petitioner did not respond.

Having reviewed the submitted materials, the Court finds that a hearing is not necessary. *See* D.

Md. Local R. 105.6 (D. Md. 2018). For reasons set forth below, Respondent's Motion to Dismiss

(ECF No. 4) will be GRANTED; the Petition (ECF No. 1) will be DENIED and DISMISSED; and

a certificate of appealability will be DENIED.

### Background

On April 4, 2017, Petitioner was sentenced in the Eastern District of North Carolina to

seventy-one months of imprisonment, followed by a three-year term of supervised release for

being a felon in possession of a firearm and ammunition. (*See* Mot. Dismiss Attach. A, ECF No.

4-3.) Petitioner's projected release date is August 9, 2021.  (*Id.* at 3.)

Petitioner claims that the BOP refuses to grant him earned time credits to which he is entitled pursuant to the First Step Act of 2018.  (Pet. at 6.)  He states that he exhausted his administrative remedies with the BOP in August 2020 and September 2020 but was denied relief. (*Id.* at 2–3.)  Petitioner also claims that he filed another administrative appeal in October 2020, but he does not indicate the result of that proceeding.  (*Id.* at 3.)

According to Respondent, Petitioner has filed only two requests for administrative remedy while in BOP custody.  (Mot. Dismiss Mem. Supp. at 2, ECF No. 4-1.)  The first, filed on September 15, 2020, was closed with an explanation.  (*See id.* at 2.)  On or about October 8, 2020, Petitioner appealed to the Regional Director, with a response expected by December 7, 2020.  (*See id.*)  Petitioner filed his Petition in this Court on October 26, 2020.

**Legal Standards**

Respondent now moves to dismiss the Petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for relief under Rule 12(b)(6).  In the alternative, Respondent moves for summary judgment under Rule 56.
The Court outlines the relevant standards below.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for   lack of subject matter jurisdiction.  *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).  Thus, the Court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails

2

to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## B. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. An inference of a mere possibility of misconduct is insufficient to support a plausible claim. *Id.* at 679. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss, a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## C. Motion for Summary Judgment

Defendant moves in the alternative for summary judgment and proffers several documents in support. "A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure," *Sager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 542 (D. Md. 2012), which provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings

are presented to *and not excluded by* the court, the motion must be treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d) (emphasis added).   Courts may consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).   Additionally, courts may consider "facts and documents subject to judicial notice," including "'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)). "Nevertheless, a district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings . . . or to reject it or simply not consider it.'" *Sager*, 855 F. Supp. 2d at 542 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004)).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)).   The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).   If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most

favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535

F.3d 225, 230 (4th Cir. 2008). Still, the opposing party must present those facts and cannot rest

on denials. The opposing party must set forth specific facts, either by affidavit or other

evidentiary showing, demonstrating a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1).

Furthermore, the opposing party must set forth more than a "mere . . . scintilla of evidence in

support of [his] position." *Anderson*, 477 U.S. at 252.

**Discussion**

**A. Exhaustion**

"Federal prisoners must exhaust their administrative remedies prior to filing § 2241

petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (internal citations omitted).

After a federal offender is sentenced by the Court, the Attorney General is responsible for

administering the sentence through the BOP, *United States v. Wilson*, 503 U.S. 329, 335 (1992),

which includes "the authority to award and calculate good time credits." *Minuto v. Wendt*, Civ.

No. IMK-104-87, 2005 WL 1330539, at *6 (N.D. W. Va. May 3, 2005), *aff'd*, 182 F. App'x 245

(4th Cir. 2006) (citing 18 U.S.C. § 3624(b)). Thus, "[t]o the extent the defendant asks the Court

to order other relief under the First Step Act such as, for example, additional sentence credit, the

Bureau of Prisons will determine how to implement those portions of the act. Should the defendant

dispute that determination, he may then file a lawsuit after exhausting administrative remedies."

*United States v. Kamber*, Crim. No. JPG-09-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31,

2019).

Judicial enforcement of an exhaustion requirement "gives prisoners an effective incentive

to make full use of the prison grievance process and accordingly provides prisons with a fair

opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). As such, the

exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Booth v. Churner*, 532 U.S. 731, 741 (2001).

To seek relief in the BOP Administrative Remedy Program, an inmate must first file an informal resolution and a formal written Administrative Remedy Request (Form BP-9) with their institution within twenty days of the alleged incident. 28 C.F.R. § 542.14(a). Using a Form BP-10, the inmate may appeal an unsatisfactory response from the Warden to the appropriate Regional Director within twenty days. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an Appeal on a Form BP-11 to the General Counsel within thirty calendar days of the date the Regional Director signed the response. *Id.* An appeal to the BOP General Counsel is the final administrative step. *Id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

At the time Petitioner filed his Petition in this Court, his appeal to the Regional Director was still pending. Petitioner did not respond to Respondent's motion alleging his failure to exhaust, nor did he inform the Court about the status of his pending administrative appeal. Because it appears that Petitioner failed to exhaust his administrative remedies by presenting his grievance to all levels prior to filing the instant Petition, this civil action must be dismissed.

**B. Earned Time Credits**

Even if Petitioner had exhausted his administrative remedies, however, his claim fails. The First Step Act of 2018 (the "Act") governs the calculation of federal prison sentences. Section 102(b) of the Act amended 18 U.S.C. § 3624(b) and allows federal inmates to earn additional good

time credits. *See* P.L. 115-391, § 102(b)(1). The Act, among other things, increased the maximum allowable good time credits from forty-seven days to fifty-seven days per year. *See Bowling v. Hudgins*, Civ. No. JPB-19-285, 2020 WL 1918248, at *3 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. W. Va. Apr. 20, 2020).

Pursuant to Section 102(b)(2) and the newly enacted 18 U.S.C. § 3632(a), implementation of this retroactive amendment was to be deferred until the Attorney General completed and released a "Risk and Needs Assessment." *See Pizarro v. White*, Civ. No. SHR-19-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019). As required by the Act, the Attorney General published the Risk and Needs Assessment on July 19, 2019, within 210 days of the Act's passage. The BOP was then required to "phase-in" the system created under the Assessment and expand programming and productive activities for eligible inmates within two years. *See* 18 U.S.C. § 3621(h)(2)(A). The BOP's obligation to implement the evidence-based recidivism reduction program and award earned time credits "does not require actual implementation for each inmate until January 2022." *See Llufrio v. Johns*, Civ. No. BWC-19-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). Therefore, BOP inmates cannot obtain habeas relief on this ground at this time.

Even if the BOP were required to implement the program and award earned time credits at present, Petitioner is not entitled to such an award. Through the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), the BOP has identified the following need areas to be assessed for each inmate: anger/hostility, antisocial peers, cognitions, dyslexia, education, family/parenting, work, finance/poverty, medical, mental health, recreation/leisure/fitness, substance abuse, and trauma. *See* The First Step Act of 2018: Risk and Needs Assessment at 23 n. 18, BUREAU OF PRISONS, https://www.bop.gov/inmates/fsa/docs/the-

first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last accessed Apr. 29, 2021). Following an assessment, certain eligible inmates may begin receiving earned time credit to be applied towards early placement in pre-release custody. Before the credits are applied, however, eligible inmates must first serve a certain portion of their sentence and attain a low or minimum risk level on PATTERN.

Here, even prior to reviewing Petitioner's needs and risk of recidivism, he is not eligible to use any time credit to reduce his sentence because his current PATTERN score shows a high-risk recidivism level. (*See* Mot. Dismiss Attach. C, ECF No. 4-5.) Thus, Petitioner's claim fails, and the Petition shall be denied and dismissed.

## C. Certificate of Appealability

Lastly, the Court notes that in order to appeal this denial of his Petition under § 2241, Petitioner must obtain a certificate of appealability. *See Simmons v. O'Brien*, 267 F. App'x 264, 265 (4th Cir. 2008). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Petitioner did not make a substantial showing of the denial of a constitutional right. Consequently, the Court DENIES a certificate of appealability.

### Conclusion

For the foregoing reasons, the Court will grant Respondent's Motion to Dismiss (ECF No. 4); deny and dismiss the Petition (ECF No. 1); and deny a certificate of appealability. A separate Order follows.

8

Dated this ____ day of _____, 2021.

FOR THE COURT:

_____

James K. Bredar
Chief Judge